IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CINDY MARTEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:11-CV-1164-K |
| CAMMIE F. WINOVER D/B/A | § | |
| CAMMIE F. WINOVER INSURANCE | § | |
| AGENCY and FARMERS NEW WORD | § | |
| LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Cindy Marten's ("Ms. Marten") Motion to Remand (Doc. No. 9). Defendants argue in opposition that Ms. Marten improperly joined Defendant Cammie F. Winover ("Ms. Winover") in order to defeat diversity jurisdiction. After review and consideration of the Motion, response, reply, notice of removal, pleadings, and the applicable law, the Court finds that Ms. Winover was not improperly joined. The Court hereby **GRANTS** the Motion and **REMANDS** this case to the 191st District Court, Dallas County, Texas.

I.   **Factual and Procedural Background**

This case arises from Ms. Marten's husband's ("Mr. Marten") purchase of life insurance. Ms. Winover sold a life insurance policy to Mr. Marten. She assisted Mr. Marten in filling out the application and necessary paperwork. Upon the completion of

the sale, Ms. Marten alleges that Ms. Winover presented Mr. Marten with paperwork, told him he was insured by Farmers New World Life Insurance Company ("Farmers"), and asked him to sign his name.

After Mr. Marten died, a claim was made on the Farmers insurance policy. Ms. Marten contends that Farmers denied the claim and attempted to cancel the policy. Consequently, Ms. Marten filed suit in the 191st District Court of Dallas County on April 21, 2011, alleging claims for breach of contract (against Farmers), violations of the Texas Insurance Code (against Farmers and Ms. Winover), violations of the Texas Deceptive Trade Practices Act (against Farmers and Winover), and negligent misrepresentation (against Ms. Winover). The defendants removed to this court on June 2, 2011, and Ms. Winover filed this Motion for Remand on August 1, 2011.

II.     Analysis

   A.     **Legal Standard**

Removal raises significant federalism concerns, which is why removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). In its Notice of Removal, Defendants identified diversity of citizenship, 28 U.S.C. §§ 1332, 1441 and 1446, as the basis for removal. An action may be removed if a federal court would have original jurisdiction over the removed claims. 42 U.S.C. § 1441(a) (2009). For actions on which prospective jurisdiction is founded upon diversity, all the requirements of 28 U.S.C. § 1332 must be met. *Smallwood v. Ill. Cent.*

*R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2005). Section 1332 requires that the amount-in-controversy exceed $75,000 and that the parties be completely diverse. 28 U.S.C. § 1332 (2009). There is no dispute that the amount-in-controversy in this case exceeds $75,000.

    B.    Citizenship of the Parties

A case removed pursuant to 28 U.S.C. § 1332 must have complete diversity of citizenship and no defendant may be a citizen of the forum state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). A corporation is a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1) (2009). An individual's citizenship is determined by where he or she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

The parties to this case are Plaintiff, Ms. Marten, and Defendants, Ms. Winover and Farmers. Defendants assert that Farmers is a company incorporated under the laws of the State of Washington, whose principal place of business is located in King County, Washington, and, consequently, is a citizen of Washington. There is no dispute that Ms. Marten and Ms. Winover are citizens of Texas.

This means there is a citizen of Texas on one side of the lawsuit and citizens of Washington and Texas on the other. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Unless Ms. Winover is not a proper party to the suit, as Defendants argue,

the lawsuit lacks complete diversity and this Court lacks subject-matter jurisdiction.

### C.   Was Ms. Winover Improperly Joined?

Defendants contend that Ms. Winover was improperly joined. There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Defendants do not argue that jurisdictional facts were fraudulently plead. Instead, Defendants contend that Ms. Marten is unable to establish a cause of action against Ms. Winover. The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Thus, Farmers must demonstrate that Ms. Marten has no possibility of recovery against Ms. Winover.

The court may conduct a Rule 12(b)(6)-type analysis, looking to the allegations of the complaint to determine whether the complaint states a claim under state law against Ms. Winover. *Id*. When evaluating the validity of a state law claim during an improper joinder analysis, the district court must resolve all disputed questions of fact and ambiguities of law in favor of the plaintiff. *Gray ex rel. Rudd v. Beverly Enters.-Miss.*,

*Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). In the complaint, Ms. Marten alleges that Ms. Winover told Mr. Winover that "he was now insured by Farmers" and misrepresented the contents of documentation and the enforceability of the insurance policy. (Doc. No. 1-3, pgs. 3, 5). Taking this fact as true, the Court finds that there is a reasonable basis to predict that the Ms. Marten might be able to recover against Ms. Winover. This Court finds that Ms. Winover was not improperly joined as a defendant to defeat diversity jurisdiction.

### III.   Conclusion

Farmers bore the burden of demonstrating that there is no reasonable possibility of recovery against Ms. Winover, the non-diverse defendant. *Smallwood*, 385 F.3d at 573. Farmers has not met this heavy burden. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to the 191st District Court, Dallas County, Texas.

**SO ORDERED.**

Signed September 27th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE